**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SHEILA R. JONES, et al., | § | |
|                       Plaintiffs, | § | |
| v. | § | |
| | § | |
| BRUSH COUNTRY NURSING AND | § | A-24-CV-896-DII-ML |
| REHABILITATION, | § | |
|                       Defendant. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

      The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

      Before the court are Plaintiffs' Application to Proceed *In Forma Pauperis* (Dkt. 2) and Plaintiffs' Motion to Appoint Counsel (Dkt. 3). Because Plaintiffs are requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e).

      **I.**      **REQUEST TO PROCEED *IN FORMA PAUPERIS***

      The court has reviewed Plaintiff Sheila R. Jones's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiffs' claims be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiffs have been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

2

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiffs bring suit against Defendant for wrongful death and breach of contract. Dkt. 1. This suit stems from the medical ailments and death of Lee Barnett, a relation of the Plaintiffs. *Id.* Plaintiffs assert Barnett's care was mismanaged and his death was wrongful. Plaintiffs ask for $180 million in damages from "economic harm, non-economic harm, pain, suffering, emotional distress, and punitive damages" in addition to any other relief the court finds proper. *Id.* However, Plaintiffs fail to state a claim over which this court has jurisdiction.

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003).

Cases that arise out of the laws of the United States, or federal law, will have original jurisdiction in federal court. In a case where the plaintiff alleges both state and federal claims, the claim arising from state law is sometimes allowed into federal court under supplemental jurisdiction. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). While the claims alleged by Plaintiffs do arise out of the same case or

controversy, the federal-law claim under 42 C.F.R. Part 483 does not provide for a private cause of action.[1]

To base a lawsuit on a federal law, an individual must find a private cause of action in the statute. To determine whether a statute implies a private right of action, Congress must do so in "clear and unambiguous terms." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002). Two factors must be considered—whether the statute creates "rights, privileges, or immunities" in individuals and whether those individuals are in a particular class separate from the general public. *Id.* at 285. Plaintiffs indicate 42 C.F.R. Part 483 as the basis of their federal law claim. This section falls within Subchapter G "Standards and Certification" for Chapter IV "Centers for Medicare & Medicaid Services" in the Code of Federal Regulations. The scope of 42 C.F.R. Part 483 states that the statute exists as a metric under which nursing facilities can qualify as skilled facilities for the Medicare and Medicaid programs. 42 C.F.R. Part 483.1(b). There is no private cause of action for the family members of deceased residents in the statute, so this statute is an improper basis for Plaintiffs' lawsuit. It will not provide the basis for federal question jurisdiction in federal court.

Plaintiffs have not alleged any facts that would support diversity jurisdiction. To do so, Plaintiffs would have to show that no Plaintiffs are of the same citizenship as the Defendant entity and meet the amount in controversy requirement. Individuals are citizens of the state in which they have domicile. Limited liability companies are citizens of every state in which they have a member. The facts pleaded by Plaintiffs do not support diversity jurisdiction.

Accordingly, the court does not have federal question or diversity jurisdiction. The undersigned will recommend that Plaintiffs' claims be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] Plaintiffs cite 42 U.S.C. § 483 in Dkt. 1.

### III.     REQUEST FOR APPOINTED COUNSEL

The court hereby **DISMISSES** Plaintiffs' request for appointed counsel. In light of the recommendation to dismiss for lack of subject matter jurisdiction, Plaintiffs' request for appointed counsel is moot.

### IV.     ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiffs' Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** Plaintiffs' cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Court **DISMISSES** Plaintiffs' Motion to Appoint Counsel (Dkt. 3).

The referral of this case to the Magistrate Court should now be canceled.

### V.     WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within **fourteen (14) days** after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED September 16, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE